FILED
2021 Nov-12 AM 09:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**



| | | |
|---|---|---|
| **JEANETTE GRAY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.:** |
| | § | |
| **H&H OIL FIELD SERVICES, LLC,** | § | _____ |
| | § | |
| **Defendant.** | § | **JURY DEMAND** |
| | § | |
| | § | |

**COMPLAINT**

I.  **INTRODUCTION**

1.       Plaintiff invokes jurisdiction under the Act of Congress known as Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended by the Civil Rights Act of 1991 (hereinafter "Title VII"), and which provides for relief against discrimination in employment on the basis of race and retaliation related thereto.  This suit is also brought to secure protection the protection of and to redress the deprivation of rights secured by 42 U.S.C. § 1981(a) (hereinafter "§1981") which provides for relief against racial discrimination in employment and retaliation thereto.

II.  **JURISDICTION AND VENUE**

2.       The Court has jurisdiction of the subject of this action according to 28 U.S.C. §§1331, 1343(a) (4), 2201 & 2202; and 42 U.S.C. §2000e-5(f)(3).

3.       The unlawful employment practices alleged herein below were committed by the Defendant within Escambia County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(g).

1

### III.    ADMINISTRATIVE EXHAUSTION

4.     Plaintiff fulfilled all conditions precedent to the institution of this action including those statutory requirements under Title VII. Plaintiff timely filed her Charge with the Equal Employment Opportunity Commission within 180 days of occurrence of the last discriminatory or retaliatory acts. Plaintiff also timely filed her claims with this Court within ninety (90) days of the receipt of a Notice of Right to Sue issued by the Equal Employment Opportunity Commission.

### IV.    PARTIES

5.     Plaintiff, Jeanette Gray, is a black African American female citizen of the United States, a resident of the State of Alabama, and a former employee of the Defendant.

6.     Defendant H&H Oil Field Services, LLC, is subject to suit under 42 U.S.C. §2000e, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

### V.    STATEMENT OF FACTS

7.     Plaintiff is an African-American female formerly employed by the Defendant as a driver.

8.     Plaintiff always performed her job well.

9.     The Defendant terminated Plaintiff's employment on or around July 28, 2020 because of her race and/or gender.

10.     On or around June 19, 2020, Plaintiff was on a job with Bernard Tubbs, a co-worker and employee of Defendant.

11.     On or around the following Monday, Demetric Fields, ("DJ"), Plaintiff's supervisor, told Plaintiff there was an error with her "rock ticket."

12.     Plaintiff asked DJ about Bernard's rock ticket, because they were working together and the tickets should match.

13.     DJ told Plaintiff "don't worry about it."

14.     On or around June 23, 2020, Bernard and Plaintiff drove the Defendant's materials to York, Alabama, where Plaintiff needed refueling.

15.     After Plaintiff refueled, DJ began chastising Plaintiff.

16.     When Caucasian and/or male drivers stop for refueling, DJ does not chastise them.

17.     The Defendant often forced Plaintiff to report lesser hours than her Caucasian and/or male counterparts.

18.     For example, Plaintiff was asked to report to work at 4:20, but the Defendant ordered Plaintiff to report that she arrived at 5:30 for purposes of pay.

19.     Caucasian and/or male drivers are not asked to limit their time as Plaintiff was.

20.     On or around July 24, Plaintiff called in to take the day off for medical reasons.

21.     Alan Hoggle, ("Alan"), Defendant's Operations Manager,  made false allegations about Plaintiff, and used said allegations as justification to suspend Plaintiff for one day.

22.     Caucasian and/or male drivers are not suspended for taking time off to receive medical attention as Plaintiff was.

23.     On or around Tuesday, July 27, 2020 Plaintiff contacted the EEOC to schedule an appointment and discuss the race and gender discrimination perpetuated by the Defendant.

24.     On or around July 29, 2020, Frankie Butler, owner of Defendant, asked Plaintiff to come to the office, where Alan and DJ were present.

25.     Frankie asked Plaintiff to to write a comment on the document evidencing her suspension, and Plaintiff told him she would.

26.     Frankie then began speaking about the EEOC before Plaintiff could pick up a pen to write her comment.

27.     Plaintiff told Frankie Butler of all discriminatory actions she experienced throughout her employment, and that she reported the same to Alan.

28.     Frankie then stated, "If you mess with [DJ and Alan], you mess with me," i.e., Plaintiff was not to complain about discrimination to Defendant's male employees.

29.     Frankie then told Plaintiff she could not write a comment on her write-up if she was considering taking legal action against the Defendant.

30.     Frankie then told Plaintiff to "get out."

31.      While Plaintiff was leaving the office, Frankie Butler violently pushed the door against Plaintiff's body, causing an injury.

32.     Frankie stated Plaintiff could have avoided the door incident had she left more quickly.

33.      Plaintiff then received a termination letter containing false allegations and immediately sought medical care for her injury caused by Frankie.

34.     Caucasian and/or male drivers drivers, including but not limited to Napoleon, Bernard, John, Cole and Alan are not disciplined for refueling, taking time off for medical attention, or speaking to the EEOC as Plaintiff was.

35.      Further, Caucasian and/or male drivers are not retaliated against for internally reporting unlawful discrimination as Plaintiff was.

## VI.    CAUSES OF ACTION

## A.    COUNT ONE – VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS  ACT (RACE AND/OR GENDER-BASED DISPARATE TREATMENT)

36.     Plaintiff incorporates by reference paragraphs 1-3 and 5-35 as if fully set forth herein.

37.     Defendant forced Plaintiff to report to work in a manner reducing her

4

compensation, and was held to a higher and less favorable disciplinary standard as compared to her Caucasian and/or male co-workers.

38.     Defendant ratified the conduct of Frankie and DJ by knowingly and recklessly forcing Plaintiff to be subject to race-based and/or gender-based discrimination as far as the terms and conditions of her employment.

39.     Defendant asserts Plaintiff's was suspended for not showing up for work and Plaintiff's termination was for insubordinate behavior.

40.     Defendant can identify whether Plaintiff's male co-workers, regardless of race, did not show up for were work and/or if their actions were insubordinate, yet it failed to do so. Defendant's double standard in this regard was substantially motivated by Plaintiff's race and/or gender.

41.     Defendant treated Plaintiff disparately compared to her male and/or Caucasian co-workers where it applied its disciplinary policy such as suspension and termination to Plaintiff on terms less favorable than applied to her Caucasian and/or male co-workers.

42.     This disparate treatment caused Plaintiff's termination and her damages flowing therefrom.

43.     Furthermore, the Defendant's stated reason for suspending and ultimately terminating Plaintiff is pretext for discrimination as shown by its refusal to investigate, suspend, or terminate male and/or Caucasian employees for actions Plaintiff allegedly took.

44.     Plaintiff's suspension and subsequent termination constitute adverse employment actions.

45.     Plaintiff's suspension and subsequent termination constitute adverse employment actions wherein Plaintiff's race and/or gender was a substantial and motivating factor in

Defendant's decision to discipline and terminate Plaintiff.

46.     Defendant's illegal bias caused Plaintiff to suffer, i.e., her loss of advancement opportunities, promotion, and the corresponding benefits associated with advancement and or promotion, including the loss of potentially increased compensation.

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

a)  Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant as applied to Plaintiff are violative of the rights of Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991", 42 U.S.C. §2000e et seq;

b)  Enter an Order requiring the Defendant to make Plaintiff whole by awarding her the position(s) she would have occupied in the absence of its discrimination, back-pay (plus interest), punitive and compensatory damages and/or nominal damages, and benefits; and,

c)  Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees, and expenses.

**B.     COUNT TWO – VIOLATIONS OF 42 U.S.C. §1981 (DISPARATE TREATMENT)**

47.     In support of her claims of race-based discrimination and/or race-based disparate treatment under §1981, Plaintiff incorporates by reference the factual assertions above only to the extent the allegations above, excluding any reference to sex and or gender-bias, sex and or gender-based motivation, and or sex and or gender-discrimination, within Paragraphs 1-3, 5-35, and 37-46.

48.     Defendant's decision to suspend Plaintiff and terminate Plaintiff was based on her race, African American.

49.     Based on the preceding, Plaintiff was subjected to race-based discrimination, race-based disparate treatment, and retaliatory discharge due to her complaints about the same.

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

a) Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of the defendant as applied to Plaintiff are violative of her rights secured by 42 U.S.C. §1981;

b) Enter an order requiring the defendants to make Plaintiff whole by awarding her punitive damages and compensatory damages, and/or nominal damages; and,

c) Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees, and expenses.

### C.  COUNT THREE – VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT (RETALIATION)

50. Plaintiff incorporates by reference paragraphs 1-3 and 23-35 above, as if fully set forth herein.

51. In good faith, Plaintiff reported to management complaints of race and/or gender-based discrimination.

52. Plaintiff also reported said discrimination to the EEOC.

53. Shortly after Plaintiff's complaints, and in retaliation for her complaints, Plaintiff received discipline was ultimately terminated.

54. Defendants willfully violated the proscription against retaliation under Title VII, with malicious disregard for the rights of Plaintiff.

55. In response to these activities and in violation of Title VII, Defendant retaliated against Plaintiff by suspending and terminating her.

56. As a result of the Defendants' conduct, Plaintiff was deprived of income and other benefits due to her and she suffered embarrassment, humiliation, inconvenience, and mental distress.

57. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs

alleged herein.

**WHEREFORE,** the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

a) Grant Plaintiff an order requiring the Defendants to make her whole by awarding her reinstatement into the position she would have occupied in the absence of the unlawful retaliation by the defendants with the same seniority, leave and other benefits of the position (or front pay), back pay (with interest), and by awarding her compensatory, punitive, and/or nominal damages;

b) Grant Plaintiff her attorney's fees and costs; and

c) Grant Plaintiff such other relief as justice requires.

a)    **COUNT FOUR – VIOLATIONS OF 42 U.S.C. §1981 (RETALIATION)**

58.    Plaintiff incorporates by reference paragraphs 1-3 and 23-35 above, as if fully set forth herein.

59.    As set out in Count C above, Plaintiff engaged in protected activity and was wrongly retaliated against because of such.

60.    Defendants have violated the proscription against retaliation under 42 U.S.C. §1981.

61.    As a result of the Defendants' conduct the Plaintiff was deprived of income and other benefits due her. Plaintiff also suffered embarrassment, humiliation, inconvenience, and mental distress.

**WHEREFORE,** the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

a) Grant Plaintiff an order requiring the Defendants make her whole by awarding her reinstatement into the position she would have occupied in the absence of unlawful conduct by Defendant with the same seniority, leave and other benefits of the position (or front pay), paying her lost wages resulting from their discriminatory conduct (with interest), and by awarding her compensatory, punitive, and/or nominal damages;

b) Grant Plaintiff her attorney's fees and costs; and

c) Grant Plaintiff such other relief as justice requires.

Dated: November 11, 2021

Respectfully submitted,

/s/ Eric Sheffer
**ERIC C. SHEFFER**
Counsel for Plaintiff

**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
Telephone: (205) 314-0500
Facsimile:  (205) 254-1500
E-mail: esheffer@wigginschilds.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/ Eric Sheffer
**ERIC C. SHEFFER**